CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:07cr00045-1 |
| | ) | Criminal Case No. 5:07cr00066-1 |
| | ) | |
| v. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| RICHIE HANSFORD CONNER. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

Petitioner Richie Hansford Conner, a federal inmate proceeding pro se, filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, arguing that his plea was not knowing and voluntary and that counsel provided ineffective assistance. By conditional filing order, entered January 13, 2010, the court notified Conner that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Conner did not respond. The court finds that Conner's motion is barred by the one-year statute of limitations for filing a § 2255 motion, and that he has not demonstrated any grounds for equitable tolling. Therefore, the court dismisses his motion as untimely filed.

**I.**

Conner pled guilty to conspiring to possess with intent to distribute 500 grams of more of methamphetamine and 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h); and tax evasion, in violation of 26 U.S.C. § 7201. In accordance with a written plea agreement between Conner and the United States, the court dismissed eight other counts against Conner. On May 6, 2008, the court entered final judgment and sentenced Conner to a total of 130 months incarceration. Conner did not appeal. Conner submitted his § 2255 motion to the court on December 30, 2009.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Conner's conviction became final on May 20, 2008, when his time to file an appeal expired. Therefore, Conner had until May 20, 2009 to file a timely § 2255 motion. However, Conner did not file his federal habeas motion until December 30, 2009, approximately 224 days after his time to file a timely § 2255 motion passed. Accordingly, Conner's motion is time-barred unless he demonstrates grounds for equitable tolling.[1]

In his initial pleading, Conner argued that he just "recently learned" that he could collaterally attack his sentence. However, ignorance of the law is not a basis for equitable tolling. United States v. Sosa, 364 F.3d 507 (4th Cir. 2004); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); United States v. Riggs, 314

---

[1] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling ...."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same).

The court conditionally filed Conner's § 2255 motion, advising him that his motion appeared to be untimely under § 2255(f) and asking him to present any additional evidence or argument concerning the timeliness of his motion. Conner did not respond. Accordingly, the court finds that Conner has not demonstrated grounds for equitable tolling and, thus, his motion is untimely.

### III.

For the reasons stated, the court dismisses Conner's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 26th day of January, 2010.

_____
United States District Judge